```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE SANCHEZ,
                                                                    ORDER
                        Petitioner,
                                                                    04 CV 5367 (NG) (KAM)
    - against -

MICHAEL ZENK, Warden, MDC-Brooklyn,
et al.,

                        Respondents.
-------------------------------------------------------------x
```
**GERSHON, United States District Judge:**

Petitioner, proceeding *pro se*, brings this petition, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") method of calculating the amount of "good time credit" ("GTC") to be applied to his sentence under 18 U.S.C. § 3624(b). This case is one of several suits filed in the federal courts since the BOP implemented its current policy regarding calculation of GTC.

Petitioner was convicted in the Eastern District of Pennsylvania of distributing heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860, and sentenced to 36 months in prison. He is currently incarcerated at the Metropolitan Detention Center in Brooklyn. Based upon petitioner's sentence and the 342 days of jail time he accrued prior to sentencing, petitioner's full term of imprisonment is set to expire on April 7, 2006. According to the BOP's calculations under its current policy, petitioner should receive 141 days of GTC absent bad behavior, which results in a projected release date of November 17, 2005. Using a different interpretation of the relevant statutory language, petitioner claims he is entitled to an additional 21 days GTC, which would give him a release date of October 27, 2005.

The federal courts that have heard identical challenges to the BOP's policy for calculating GTC have almost uniformly held that the BOP's interpretation of the statute is reasonable and is

entitled to deference under the standard established in *Chevron U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837 (1984). The seven Courts of Appeals that have ruled on this issue have rejected petitioner's argument. *Perez-Olivo v. Chavez,* 394 F.3d 45 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005); *Sample v. Morrison*, 2005 U.S. App. LEXIS 4708 (5th Cir. 2005); *James v. Outlaw*, 2005 U.S. App. LEXIS 4799 (8th Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Brown v. Hemingway,* 53 Fed. Appx. 338 (6th Cir. 2002); *Pacheco-Camacho v. Hood,* 272 F.3d 1266, 1271 (9th Cir. 2001). *But see Williams v. Dewalt*, 351 F.Supp.2d 412 (D. Md. 2004). The Second Circuit has not yet spoken on this issue, but two decisions in this Court have analyzed petitioner's arguments and concluded persuasively that they are without merit. *Tash v. Zenk*, 2005 U.S. Dist. LEXIS 3303 (E.D.N.Y. Feb. 14, 2005); *Sash v. Zenk*, 344 F.Supp.2d 376 (E.D.N.Y. Nov. 9, 2004).

I agree with the analysis of the overwhelming majority of courts to address the issue and find that the statutory language is ambiguous and that the BOP's interpretation is based on a permissible construction of the statute. There is therefore no basis for upsetting the BOP's determination of petitioner's projected release date or the method by which it computes good time credit.

Accordingly, the petition is denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

                                  **SO ORDERED.**

                                **/s/ Nina Gershon**
                                **Nina Gershon**
                                **United States District Judge**

**Dated: May 6, 2005**
      **Brooklyn, New York**